UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HAWKINS, et al.,

       Plaintiffs,                       CIVIL ACTION NO. 94 CV 72144 DT

     v.                                 DISTRICT JUDGE DENISE PAGE HOOD

MARY SUE CZARNECKI, et al.,       MAGISTRATE JUDGE VIRGINIA M. MORGAN

       Defendants.
_____/

## REPORT AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT AND MOTION TO AMEND MOTION FOR RELIEF FROM JUDGMENT BE DENIED

This matter comes before the court on Plaintiffs' Motion for Relief From Judgment, filed on March 30, 2005, and Plaintiffs' Motion to Amend Motion for Relief From Judgment, filed on April 18, 2005.[1]  By these motions, plaintiffs seek relief pursuant to Fed.R.Civ.P. 60(b)(5), (6) from a judgment entered by the district court on August 30, 1996, dismissing their § 1983 complaint.  Having reviewed the motions, the court finds that plaintiffs' have failed to state any plausible basis for relief therein.  Accordingly, it is recommended that the motions be **DENIED**.

---

[1] The district court referred this matter for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A).  However, under § 636(b)(1)(A), a magistrate judge's authority is limited to hearing and determination of pretrial matters. The present motions are not pretrial matters.  Accordingly, the court's authority is limited to the issuance of a Report and Recommendation.

- 1 -

It is further recommended that if plaintiff files objections to this Report and Recommendation and such objections are not upheld, the district judge impose monetary sanctions against him.

On March 15, 2005, the district court entered an order denying a prior motion for relief from judgment filed by plaintiffs. That order carefully considered all of plaintiffs' issues and the background of the case. As stated in that order:

> The Court has previously entered six (6) orders addressing Plaintiffs' various motions for reconsideration and motions under Fed.R.Civ.P. 59(e) and 60(b). See Orders dated May 10, 1997, March 24, 1999, October 28, 1999, May 31, 2000, December 30, 2000, and December 12, 2001. On three occasions, Plaintiffs have appealed to the Sixth Circuit Court of Appeals various order by this Court. Each time, the Sixth Circuit has affirmed this Court's orders. The latest order issued by the Sixth Circuit was on August 13, 2002, with the mandate issued on October 2002.

Thus, the motions now before the court appear to be plaintiffs' eighth and ninth attempts to set aside the judgment entered in 1996. Plaintiffs' continuing efforts to set aside the judgment constitute a flagrant abuse of the judicial system. This matter has been considered by the district court and the Sixth Circuit on numerous occasions, and plaintiffs have been denied relief on each occasion. Plaintiffs' serial attempts to set aside the judgment result in a waste of judicial resources and interfere with the administration of matters pending before the court. Such conduct cannot be countenanced. This litigation is at an end. Plaintiffs give no legitimate basis to set aside the judgment and therefore there is no basis to seek further judicial review by filing objections. Plaintiffs are hereby placed on notice that filing non-meritorious objections could subject them to monetary sanctions.

The court also notes that plaintiff Robert Hawkins, who is presently incarcerated in a federal correctional facility in Coleman, Florida, purports to be representing his wife and four children, who are also named plaintiffs, in this matter. Mr. Hawkins is not an attorney and thus cannot represent anyone but himself. He is hereby directed to refrain from any further attempts to represent his family members in this matter. Should Mr. Hawkins attempt to continue to represent his family members, additional sanctions may be imposed.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                  s/Virginia M. Morgan
                                  VIRGINIA M. MORGAN
Dated:  April 28, 2005          UNITED STATES MAGISTRATE JUDGE

---

**Proof of Service**

The undersigned certifies that a copy of the foregoing report and recommendation was served on the attorneys of record herein by electronic means or U.S. Mail on April 28, 2005.

                        s/Jennifer Hernandez
                        Case Manager to
                        Magistrate Judge Morgan